Max Moskowitz (MM 5866)
OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
(212) 382-0700
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PYLE AUDIO INC., : Civil Action No.
 :
 Plaintiff, :
 :
 v. :
 :
FLUKE CORPORATION, :
 :
 Defendant. :
-----------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT, FOR RELEASE OF DETAINED GOODS, AND FOR CANCELLATION OF TRADEMARK REGISTRATIONS

Plaintiff, PYLE AUDIO INC., through its counsel and for the complaint against FLUKE CORPORATION, states as follows:

1. This is an action for a Declaration of no trademark Infringement under the federal Lanham Act, for a consent by the defendant to release Pyle Audio's products detained by U.S. Customs and Border Protection, and for cancellation of Fluke Corporation's trademark registrations.

## THE PARTIES

2. Plaintiff Pyle Audio ("Pyle") is a New York corporation with an address at 1600 63rd Street, Brooklyn, New York 11204.

{01703271.1} 1

3. On information and belief, Defendant Fluke Corporation ("Fluke") is a Washington corporation with an address at 6920 Seaway Boulevard, Everett, Washington 98203.

## JURISDICTION AND VENUE

4. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1501, et seq., and seeks relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction under 28 U.S.C. § 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§1391(c) and 1400(b).

## FACTUAL BACKGROUND FOR CLAIMS FOR RELIEF

5. Founded 37 years ago, Pyle is a leading importer and seller of high-quality audio, video and electronics products, DJ equipment, and musical instruments.

6. Among the electronics products sold by Pyle are digital multimeters for measuring DC and AC voltages, which Pyle began selling during in the last two years.

7. Pyle's digital multimeters are presently encased in brightly colored rubber sleeves that a) enable the user to securely grip the device, b) provide protection for the device, and c) make it easier to locate the device in a tool case or on a work site. Examples of Pyle's current line of digital multimeters are attached to this complaint as **Exhibit A**. Another version to be soon marketed is shown in **Exhibit B**.

8. The well known trademark PYLE is prominently displayed on the face of all digital multimeters presently and previously sold by Pyle.

9. Pyle's digital multimeters are manufactured in China and are shipped to the United States in containers with other Pyle products and transported by sea to the U.S.

10. To date, the manufacturer produced a small number of these digital multimeters with a yellow rubber sleeve, as depicted in **Exhibit A**.

11. Several containers holding numerous Pyle products, including approximately 1500 digital multimeters with the yellow rubber protective sleeves, were detained by U.S. Customs and Border Protection ("Customs") at Long Beach, California Port. A photograph of one such multimeter is attached to this Complaint as **Exhibit A**.

12. On information and belief, edge protectors around electronic products, e.g., cell phones, provided a rainbow of available colors, including yellow, are common. Customers today do not associate or think of an edge protector colored yellow as a trademark, source designating feature. See **Exhibit C**.

13. On information and belief, the containers were seized by Customs because Fluke requested Customs to seize the electronic devices with yellow rubber sleeves because they allegedly infringe Fluke's U.S. Trademark Registration No. 2,796,480 for "the colors dark gray and yellow as applied to the goods". The goods in this registration include digital multimeters. A copy of the registration certificate for this mark is attached to this complaint as **Exhibit D**.

14. On information and belief, Fluke has worked with Customs and has encouraged Customs to search through containers of certain companies, including Pyle,. As a proximate cause thereof, Customs has been searching through and delaying release of Pyle product containers, including some that have no multimeters therein.

15. On information and belief, Fluke also owns U.S. Trademark Registration Nos. 4,654,867 and 4,654,868 for "the color yellow applied to the entire visible three dimensional surface of an outer border portion of the goods". The goods in these registrations include digital multimeters. Copies of the registration certificates for these marks are attached to this complaint as **Exhibit E**.

16. Pyle contacted Fluke and requested Fluke's consent to release all goods in the containers seized by Customs, including the 1500 yellow sleeved digital multimeters. None of the other products in the seized container is encased in a yellow sleeve or has yellow borders. In reply, Fluke stated that it would not provide the requested consent and requested that Pyle immediately discontinue selling the subject multimeters.

17. The cost of Pyle's detained multimeters is approximately $5000. The cost of Pyle's other products in the detained container is approximately $100,000.

## COUNT I

### The Design of Pyle's Digital Multimeters Do Not Infringe Fluke's Alleged Trademark

18. This is an action for a Declaratory Judgment that Pyle's use of yellow protective sleeves on its PYLE labeled digital multimeters is not likely to cause confusion or to cause mistake or to deceive the public with regard to Fluke's alleged trademark rights in the color yellow for multimeters.

19. Pyle repeats and realleges the averments contained in Paragraphs 1-18 of this Complaint as if fully set forth herein.

20. On information and belief, any rights that Fluke may have in the color yellow do not extend to bar Pyle's functional use of yellow for multimeters.

21. Pyle is under a real and imminent threat that Fluke will bring suit against it in the immediate future for trademark infringement and related causes of action.

22. By reason of the foregoing, Pyle has suffered, and will continue to suffer, irreparable harm by Fluke in the manner set forth above unless a declaratory judgment issues precluding Fluke from suing Pyle based upon the aforesaid acts.

23. Pyle has no adequate remedy at law.

## COUNT II

### For an Order Requiring Fluke to Consent to the Release by Customs of Pyle's Detained Goods

24. This is an action for a Declaratory Judgment ordering Fluke to consent to the release of the goods in Pyle's container seized by Customs, including because Fluke's actions constitute tortious interference with Pyle's present and potential business relationships.

25. Pyle repeats and realleges the averments contained in Paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Pyle's yellow-sleeved multimeters do not infringe any alleged trademark owned by Fluke and there is no basis for Customs not to release Pyle's containers and all products in the containers.

27. By reason of the foregoing, Pyle has suffered, and will continue to suffer, irreparable harm by Fluke in the manner set forth above unless a declaratory judgment issues requiring Fluke to consent to the release by Customs of the container of Pyle's products.

28. Pyle has no adequate remedy at law.

## COUNT III

### Cancellation of Fluke's Trademark Registrations

29. This is a claim for cancellation of Fluke's U.S. Trademark Registration Nos. 2,796,480; 4,654,867; and 4,654,868 for the alleged trademark consisting of the color yellow pursuant to Section 2(e) of the Lanham Act, 15 U.S.C. § 1052(e), and § 14(3) of the Lanham Act, 15 U.S.C. § 1064(3) on the ground that the color yellow cannot function as a trademark for the goods in said registrations.

30. Pyle repeats and realleges the averments contained in Paragraphs 1-29 of this Complaint as if fully set forth herein.

31. By reason of the foregoing, Pyle has suffered, and will continue to suffer, irreparable harm by Fluke in the manner set forth above unless a declaratory judgment issues cancelling U.S. Trademark Registration Nos. 2,796,480; 4,654,867; and 4,654,868.

32. Pyle has no adequate remedy at law.

WHEREFORE, Plaintiff Pyle Audio Inc. prays that judgment be entered:

A. Declaring that Pyle has not infringed the alleged trademark in U.S. Trademark Registration Nos. 2,796,480; 4,654,867; and 4,654,868.

B. Ordering Fluke to immediately provide its consent to the release by Customs of the container with Pyle's products.

C. Declaring that the alleged trademark in each of U.S. Trademark Registration Nos. 2,796,480; 4,654,867; and 4,654,868 is functional, generic, and/or lacks requisite secondary meaning and is therefore invalid and/or unprotectable and cancelling said registration.

D. Ordering that Pyle be granted such other and further relief as the Court may deem just and proper.

Dated: January 29, 2015

Respectfully submitted,

_____
Max Moskowitz (MM 5866)
OSTROLENK FABER, LLP
mmoskowitz@ostrolenk.com
1180 Avenue of the Americas
New York, New York 10036
Tel. (212) 382-0700
Fax (212) 382-0888
Attorneys for Plaintiff